IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| BRENDA E. HUBERT, | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| VS. | : | |
| | : | 5 : 04-CV-327 (WDO) |
| JO ANNE B. BARNHART, | : | |
| Commissioner of Social Security, | : | |
| | : | |
| Defendant. | : | |

**RECOMMENDATION**

The plaintiff herein filed this Social Security appeal on October 1, 2004, challenging the Commissioner's final decision denying her application for disability benefits. Jurisdiction arises under 42 U.S.C. § 405(g). All administrative remedies have been exhausted.

*Background*

The plaintiff filed her applications for disability and Supplemental Security Income benefits in December 1996, alleging disability since February 19, 1996, due to bilateral carpal tunnel syndrome, pain, and weakness in both arms and hands. Her claim was denied throughout the administrative levels of consideration. Following a hearing, the ALJ denied plaintiff's claim, although the Appeals Council subsequently remanded the claim for further consideration. The ALJ held two additional hearings on the plaintiff's claims and ultimately issued another unfavorable decision on June 25, 2003. The Appeals Council denied review, and the plaintiff then filed this appeal, arguing that the ALJ did not comply with the requirements of Social Security Ruling 96-9p in evaluating her claim.

In denying plaintiff's claim, the ALJ reached Step 5 of the Sequential Evaluation Process,

finding that although the plaintiff could not return to her past relevant work, she was capable of performing a reduced range of sedentary work.  The plaintiff argues that Ruling 96-9p required the ALJ to obtain information regarding the erosion of the vocational base resulting from her ability to perform only a reduced range of sedentary work.

*Standard of review*

In reviewing the final decision of the Commissioner, this court must evaluate both whether the Commissioner's decision is supported by substantial evidence and whether the Commissioner applied the correct legal standards to the evidence.  Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983); Boyd v. Heckler, 704 F.2d 1207, 1209 (11th Cir. 1983).  The Commissioner's factual findings are deemed conclusive if supported by substantial evidence, defined as more than a scintilla, such that a reasonable person would accept the evidence as adequate to support the conclusion at issue.  Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991); Richardson v. Perales, 402 U.S. 389, 401 (1971).  In reviewing the ALJ's decision for support by substantial evidence, this court may not reweigh the evidence or substitute its judgment for that of the Commissioner.  "Even if we find that the evidence preponderates against the [Commissioner's] decision, we must affirm if the decision is supported by substantial evidence."  Bloodsworth, 703 F.2d at 1239.  "In contrast, the [Commissioner's] conclusions of law are not presumed valid. . . . The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal."  Cornelius, 936 F.2d at 1145-1146.

*Ruling 96-9p*

The ALJ herein determined that "the claimant retains the residual functional capacity to

perform the demands of sedentary exertion with the ability to walk and stand for extended periods. The claimant is limited in her ability to crawl, bend, grip, pull, perform fine hand movements, or work in areas in which she would be exposed to moving machinery or vibration." R. at 25. The Commissioner asserts that although the limitations set out in the hypotheticals posed by the ALJ exceeded the residual functional capacity determination in his ultimate decision, the VE's response to the hypotheticals showed that the plaintiff was still capable of working even with these additional limitations. The Commissioner maintains that the ALJ complied with the dictates of Ruling 96-9p, in that this ruling merely states that when a claimant is limited to less than the full range of sedentary work, the occupational base may be eroded and the testimony of a VE will be necessary to establish the availability of other work. The Commissioner also argues that Ruling 96-9p does not require the ALJ to obtain an exact percentage or numerical representation of the degree to which the job base has been eroded.

    Ruling 96-9p states that "a finding that an individual has the ability to do less than a full range of sedentary work does not necessarily equate with a decision of 'disabled'". It further provides that "[i]n more complex cases, the adjudicator may use the resources of a vocational specialist or vocational expert. The vocational resource may be asked to provide any or all of the following: An analysis of the impact of the RFC upon the full range of sedentary work, which the adjudicator may consider in determining the extent of the erosion of the occupational base, examples of occupations the individual may be able to perform, and citations of the existence and number of jobs in such occupations in the national economy." Herein, the ALJ sought and relied on the testimony of a VE regarding the ability of the plaintiff to perform other jobs which existed in significant numbers in the national economy. The VE testified that, even given the

most restrictive set of limitations on her ability to perform sedentary work, the plaintiff could still work as a surveillance system monitor, with approximately 3087 jobs in Georgia and 65,772 jobs in the nation. "The VE's testimony that [the claimant] could still perform certain unskilled sedentary jobs despite her limitations constitutes substantial evidence upon which the ALJ could rely for [his] decision, and the fact that the ALJ consulted a VE demonstrates that the ALJ properly applied Ruling 96-9p even though [he] did not mention the ruling in [his] written decision."  Thomas v. Barnhart, 147 Fed.Appx. 755, 758 (10th Cir. 2005).

Inasmuch as the Commissioner's final decision in this matter is supported by substantial evidence and was reached through a proper application of the legal standards, it is the recommendation of the undersigned that the Commissioner's decision is hereby **AFFIRMED** pursuant to Sentence Four of § 405(g). Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable Wilbur D. Owens, Jr., United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

**SO RECOMMENDED**, this 1st day of February, 2006.

       /s/ ***Richard L. Hodge***
      RICHARD L. HODGE
      UNITED STATES MAGISTRATE JUDGE

asb